# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:10cr68

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LISA ANN EDWARDS LAIL. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Government's Motion to Reconsider and to Correct Sentence and Judgment under Rules 32.2, 35, and 36 and to Enter Consent Order and Judgment of Forfeiture [Doc. 27].

## I.  PROCEDURAL BACKGROUND

On October 5, 2010, the Grand Jury returned a Bill of Indictment against the Defendant charging her with three counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of access device fraud, in violation of 18 U.S.C. § 1029(a)(5). [Doc. 1]. The Indictment contains a Notice of Forfeiture and Finding of Probable Cause with respect to "all currency and monetary instruments which are proceeds of the crimes alleged in this bill of indictment, including but not limited to the sum of approximately $400,000." [Doc. 1 at 4]. The Defendant subsequently entered into a Plea Agreement with the

Government, whereby she agreed to plead guilty to Count One of the Bill of Indictment. The Defendant further agreed to the forfeiture "to each and every asset listed in the Bill of Indictment or seized in a related investigation or administrative, state, or local action . . . ." [Doc. 16 at 3 ¶9]. In turn, the Government agreed that upon acceptance of the Defendant's guilty plea, it would move at the appropriate time to dismiss Counts Two, Three, and Four of the Indictment. [Id. at 1 ¶2]. Magistrate Judge Dennis L. Howell conducted a Rule 11 hearing and accepted the Defendant's guilty plea pursuant to this Plea Agreement on February 14, 2011. [See Doc. 17].

    The Government did not move for the entry of a preliminary order of forfeiture at the Rule 11 hearing. Rather, over three months later on May 20, 2011, the Government filed a motion for a preliminary order of forfeiture, seeking a monetary judgment in the amount of $400,000. [Doc. 18]. The Defendant did not file any response to the Government's motion. The Government did not reference any concurrence on the part of the Defendant, other than to state that the money judgment being sought "[i]n light of . . . the defendant's Plea Agreement . . . ." [Doc. 18 at 2]. The Plea Agreement, however, makes no reference to any proposed money judgment. Because of

this obvious discrepancy, the Court deferred ruling on the motion until sentencing.

On October 31, 2011, the Probation Office completed a Presentence Report regarding the Defendant. The Presentence Report finds that the Defendant's victims suffered a total loss in the amount of $342,985.12 as a result of the Defendant's criminal conduct. [Doc. 21 at ¶14].

The Court conducted a sentencing hearing on January 19, 2012. Before the Court issued the Defendant's sentence, the Court inquired as to the Government's position on forfeiture. The Government advised that due to an oversight, a consent order had not been sought at the time of the plea hearing. [See Doc. 30 at 23, 27-28]. The Government therefore requested that the Court enter an order of forfeiture based on the Government's motion. [Id.]. The Defendant's counsel asked the Court not to rule on the forfeiture issue so that she could have an opportunity to discuss the matter further with the Government. The Court pronounced the Defendant's sentence and announced that it would defer ruling on the issue of forfeiture. [Doc. 34]. At the conclusion of the sentencing hearing the Government declined to move for dismissal of Counts Two, Three, and Four of the Indictment, even though

that was called for under the Plea Agreement, because the forfeiture issue remained open.

On January 26, 2012, the Court entered a Judgment which did not include any reference to forfeiture and did not include a dismissal of the three remaining counts in the Bill of Indictment. [Doc. 26].

On February 2, 2012, the Government filed the present motion seeking to correct the Judgment to include an order of forfeiture in the form of a money judgment against the Defendant in the amount of $342,985.12. [Doc. 27]. The Government also submitted a proposed Consent Order and Judgment of Forfeiture signed by the Defendant and her attorney.

## II. DISCUSSION

The Government contends that the Defendant agreed to the entry of the proposed money forfeiture judgment in her Plea Agreement. In the Plea Agreement, however, the Defendant agreed to the forfeiture of "each and every *asset* listed in the Bill of Indictment." [Doc. 16 at 3 ¶9] (emphasis added). The Indictment, in turn, provides notice of forfeiture and a finding of probable cause with respect to "*all currency and monetary instruments* which are proceeds of the crimes alleged in this bill of indictment, *including* but not limited to the *sum of approximately $400,000*." [Doc. 1 at 4] (emphasis

4

added). Nothing in the Bill of Indictment provides notice that the Government intended to pursue a money judgment in the amount of $342,985.12 against the Defendant.[1]

Nevertheless, after the sentencing hearing and after the entry of the Judgment the Defendant consented to the entry of an Order of Forfeiture in the form of a money judgment in the amount of $342,985.12. In light of the Defendant's consent, the Court will grant the Defendant's motion and will enter the Consent Order of Forfeiture. See Fed. R. Crim. P. 36.[2] Upon the Government's motion to dismiss Counts Two, Three, and Four of the Indictment, the Court will also direct the Clerk to enter a Corrected Judgment ordering forfeiture in this case in accordance with the Consent Order and

---

[1] The distinction between a forfeiture of a specific amount of U.S. Currency as *proceeds* and a forfeiture in the form of a money judgment is not merely a matter of semantics. A money judgment is an *in personam* judgment against the defendant and not an order directed at a specific asset. Where a specific asset is the subject of a forfeiture order, the government is required to publish notice of the order and to provide notice to any person who reasonably appears to be a potential claimant. Fed. R. Crim. P. 32.2(b)(6)(A). The forfeiture order remains preliminary as to third parties until all ancillary proceedings are concluded. Fed. R. Crim. P. 32.2(b)(4)(A). If the Government is seeking only a money judgment, however, "no ancillary proceeding is required . . . ." Fed. R. Crim. P. 32.2, advisory committee notes (2000).

[2] Rule 36 of the Federal Rules of Criminal Procedure allows for the entry of a corrected judgment where doing so corrects an error arising from oversight or omission. The Court finds that the Government's failure to seek a preliminary order of forfeiture at the time of the Defendant's guilty plea and its subsequent attempt to seek the money judgment without the Defendant's consent [Doc. 18] constitute such an oversight and omission warranting relief in this case.

Judgment of Forfeiture and dismissing Counts Two, Three, and Four of the Bill of Indictment. Until that is done, however, the Court cannot grant all of the relief sought by the Government in its present motion.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Reconsider and to Correct Sentence and Judgment under Rules 32.2, 35, and 36 and to Enter Consent Order and Judgment of Forfeiture [Doc. 27] is **GRANTED in part** and **DENIED in part without prejudice** as set forth above.

**IT IS SO ORDERED.**

Signed: February 14, 2012

Martin Reidinger
United States District Judge