IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:10CR68

FILED
ASHEVILLE, NC
FEB 17 2012
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CONSENT ORDER AND** |
| v. | ) | **JUDGMENT OF FORFEITURE** |
| | ) | |
| LISA ANN EDWARDS LAIL, | ) | |
| | ) | |
| Defendant. | ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 18 U.S.C. §3665, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 18 U.S.C. §981 and 28 U.S.C. §2461(c):

   **A monetary judgment in the amount of $342,985.12, which sum represents proceeds obtained, directly or indirectly, from violation(s) of Title 18, United States Code Section 1343.**

2. The Attorney General or his designee or other property custodian for the investigative agency is authorized to take possession and maintain custody of the specific assets listed

3. A forfeiture money judgment in the amount of **$342,985.12** shall be included in the sentence of the defendant, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law. The defendant stipulates and recognizes that forfeiture and restitution are legally distinct parts of her sentence. The United States Attorney agrees to request that the Department of Justice apply forfeiture to restitution in this case.

4. The parties stipulate and agree that the monetary judgment constitutes property that is proceeds or derived from or traceable to proceeds of defendant's crime(s) herein and is therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 18 U.S.C. §981 and 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in

the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

5. The United States Department of Justice and it designee may take steps to collect the monetary judgment from any property of the defendant, in accordance with the substitute asset provisions of 21 U.S.C. § 853(p). Upon the seizure of any property to satisfy all or part of the monetary judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
THOMAS R. ASCIK
Assistant United States Attorney

_____
LISA ANN EDWARDS LAIL,
Defendant

_____  2/1/2012
FREDILYN SISON
Attorney for Defendant

Signed this the 14 day of February, 2012.

_____
MARTIN REIDINGER
UNITED STATES DISTRCT COURT JUDGE

2